UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

```
------------------------------------------------------------ x
In re:                                          :
                                                :    Chapter 13
TONEY L FREEMAN,                                :
                                                :    Case No.: 24-02390
                                Debtor.         :
                                                :
------------------------------------------------------------ x
```

## NOTICE OF AMENDED MOTION

The party represented by counsel below has filed papers with the court to move the court for an order for relief from the automatic stay or for adequate protection.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the order for relief from stay, or if you want the court to consider your views on the motion, then on or before May 14, 2026, unless otherwise ordered, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

United States Bankruptcy Court
Post Office Box 791
Raleigh, NC 27602

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy:

Eudora F. S. Arthur
Womble Bond Dickinson (US) LLP
555 Fayetteville St., Suite 1100
Raleigh, NC 27601

Troy Staley
Trustee
PO Box 1618
New Bern, NC 28563-1618

WBD (US) 54893851v1

If a response and a request for hearing are filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set and all parties will be notified accordingly.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Dated: April 27, 2026        WOMBLE BOND DICKINSON (US) LLP

By: /s/ Eudora F. S. Arthur
EUDORA F. S. ARTHUR
N.C. State Bar. No. 59854
555 Fayetteville Street, Suite 1100
Raleigh, NC  27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com

*Attorneys for AmeriCredit Financial Service s, Inc. dba GM Financial*

IN THE UNITED STATES BANKRUPTCY COURT
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

---------------------------------------------------------- x
In re:                                                    :
                                                          :       Chapter 13
TONEY L FREEMAN,                                          :
                                                          :       Case No.: 24-02390
                                       Debtor.            :
                                                          :
---------------------------------------------------------- x

## **<u>AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY</u>**

Now comes AmeriCredit Financial Service s, Inc. dba GM Financial ("<u>GM Financial</u>"), by and through counsel, and moves this court for an Order granting it relief from the automatic stay pursuant to 11 U.S.C. § 362(d), 11 U.S.C. § 1301(c)(2) and Rule 4001 of the Bankruptcy Rules of Procedure. In support of its Motion for Relief from the Automatic Stay (the "<u>Motion</u>"), Movant shows unto the court as follows:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157 and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina.

2. On July 18, 2024 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under Chapter 13 to commence the above-referenced case (the "<u>Chapter 13 Case</u>").

3. Movant is a secured creditor of Debtor and non-filing Co-Debtor, Iris Marie Summersett ("Co-Debtor"), as evidenced by that certain Retail Installment Sale Contract dated February 27, 2021 (the "Contract"). The Contract was secured by a 2018 Ford F150, bearing

Vehicle Identification Number 1FTEW1EG3JFB49601 (the "Collateral"). A true and correct copy of the Note is attached hereto as **Exhibit "A."**

4.      Movant has a perfected security interest in the Collateral, as noted on the face of the Certificate of Title for the Collateral (the "Certificate of Title"). A true and correct copy of the Certificate of Title is attached hereto as **Exhibit "B."**

5.      The outstanding balance owed to Movant relative to the Collateral as of the filing of this Motion is $56,835.21. The amount owed as of the filing of this Motion is $38,251.99. See Affidavit attached as **Exhibit "C."**

6.      Upon information and belief, as of the date of this Motion, the value of the Vehicle is approximately $22,475.00 according to J.D. Power Used CarGuide (the "Valuation"). A true and accurate copy of the Valuation as attached hereto as **Exhibit "D."**

7.      Debtor and Co-Debtor are delinquent on the Contract payments by failing to make the full monthly payment due in January 2022 and all payments due thereafter.

8.      On March 17, 2026 Debtor fled a Motion to Modify Chapter 13 Plan whereby Debtor seeks to modify the plan to surrender the Vehicle.

9.      The value of the Vehicle

## BASIS FOR RELIEF

Section 362(d) sets forth the standards for determining whether relief from stay is appropriate. Section 362(d) states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

> (1)     for cause, including lack of adequate protection of an interest in property of such party in interest;
> (2)     with respect to a stay of an act against property under subsection (a) of this section, if
>> (A)     the debtor does not have an equity in such property; and
>> (B)     such property is not necessary to an effective reorganization;

11 U. S. C. § 362.

1.     As a result of the Debtor and Co-Debtor's failure to pay Movant's claim pursuant to the Contract, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and co-debtor stay pursuant to 11 U.S.C. §1301(c)(2) for cause because Debtor has failed to provide adequate protection of Movant's interest, there is substantial risk of continuing loss to or diminution of the Vehicle, and the Vehicle is not necessary for the Debtor's successful reorganization as evidenced by Debtor's request to surrender the Vehicle.

2.     Cause exists for relief from the automatic stay under 11 U.S.C. § 362(d)(2) because there is no equity in the Vehicle and the Vehicle is not necessary to an effective reorganization.

3.     If Movant is not granted relief from the automatic stay and permitted to repossess and liquidate the Vehicle, then Movant will suffer irreparable injury, loss, and damage by virtue of the decreasing value of the Vehicle.

4.     Because the Vehicle must be sold promptly to maximize its value, sufficient cause exists to waive the requirements of Rule 4001 such that the order granting relief from the automatic stay will be effective upon entry by the Court.

5.     A proposed order granting the Motion is attached hereto as **Exhibit "E."**

WHEREFORE, GM Financial prays for the Court to grant the following relief:

1.      To enter an Order modifying the automatic stay imposed by 11 U.S.C. § 362(a) to allow GM Financial to exercise its rights and remedies under the Contract and in accordance with applicable state law;

2.      To award GM Financial reimbursement of its attorney's fees and costs to be added to the balance of its claim, if any claims are filed; and

3.      To grant such other and further relief as the court deems just and appropriate.

Dated:  April 27, 2026

WOMBLE BOND DICKINSON (US) LLP

By: /s/ Eudora F. S. Arthur
EUDORA F. S. ARTHUR
N.C. State Bar. No. 59854
555 Fayetteville Street, Suite 1100
Raleigh, NC  27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com

*Attorneys for AmeriCredit Financial Service s, Inc. dba GM Financial*

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned, of Womble Bond Dickinson (US) LLP, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served a copy of the foregoing Motion for Relief from Automatic Stay on:

Toney L Freeman
1927 Chadbourne Hwy
Whiteville, NC 28472
*Debtor*

Iris Marie Summersett
1927 Chadbourne Hwy
Whiteville, NC 28472

*Co-Debtor*

by depositing the same in the United States mail, first class, postage prepaid.

That on this day, the foregoing Motion for Relief from Automatic Stay was served by electronic means through the Court's CM/ECF service on:

Lindsay M. Parker
*Attorney for Debtor*

Troy Staley
*Chapter 13 Trustee*

Brian Behr
*Bankruptcy Administrator*

I certify under penalty of perjury that the foregoing is true and

correct. Dated: April 27, 2026

WOMBLE BOND DICKINSON (US) LLP

By:  /s/ Eudora F. S Arthur
EUDORA F. S. ARTHUR
NC State Bar Number 59854
555 Fayetteville St., Suite 1100

Raleigh, NC 27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com

*Attorneys for AmeriCredit Financial Service s, Inc. dba GM Financial*


**EXHIBIT A**

## RETAIL INSTALLMENT SALE CONTRACT
### SIMPLE FINANCE CHARGE
### THIS IS A CONSUMER CREDIT DOCUMENT

| Buyer Name and Address (Including County and Zip Code) COLUMBUS | Co-Buyer Name and Address (Including County and Zip Code) COLUMBUS | Seller-Creditor (Name and Address) |
|---|---|---|
| IRIS MARIE SUMMERSETT 1927 CHADBOURN HWY WHITEVILLE, NC 28472 | TONEY LENDELL FREEMAN 1927 CHADBOURN HWY WHITEVILLE, NC 28472 | JOHN DONOGHUE AUTOMOTIVE INC 363 VINSON BLVD WHITEVILLE, NC 28472 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2018 | FORD F150 | 1FTEW1EG3JFB49601 | Personal, family, or household unless otherwise indicated below ☐ business ☐ agricultural ☐ NA |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $5000.00 |
|---|---|---|---|---|
| 13.35 % | $ 18438.70 | $ 37789.55 | $ 56228.25 | $ 61228.25 |

(e) means an estimate

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 75 | $ 749.71 | MONTHLY beginning 04/13/2021 |
| NA | $ NA | NA |
| | NA | |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of $ 15.00 .

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose or you may provide the required insurance through an existing policy owned or controlled by you. Insurance you provide must be acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below. If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**

**Optional Credit Insurance**

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both

Premium:
Credit Life $ NA
Credit Disability $ NA
Insurance Company Name NA
NA
Home Office Address NA
NA

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

**ITEMIZATION OF AMOUNT FINANCED**

1 Cash Price (including $ 1220.55 sales tax) $ 41606.55 (1)

2 Total Downpayment =
Trade-in NA NA NA
(Year) (Make) (Model)

| | | |
|---|---|---|
| Gross Trade-In Allowance | $ | NA |
| Less Pay Off Made By Seller to NA | $ | NA |
| Equals Net Trade In | $ | NA |
| + Cash | $ | 5000.00 |
| + Other NA | $ | NA |
| + Other NA | $ | NA |
| + Other NA | $ | NA |

(If total downpayment is negative, enter "0" and see 4I below) $ 5000.00 (2)

3 Unpaid Balance of Cash Price (1 minus 2) $ 36606.55 (3)

4 Other Charges Including Amounts Paid to Others on Your Behalf
(Seller may keep part of these amounts):

A Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
Life $ NA
Disability $ NA $ NA

B Vendor's Single Interest Insurance Paid to Insurance Company $ NA

C Other Optional Insurance Paid to Insurance Company or Companies $ NA

D Optional Gap Contract $ 795.00

E Official Fees Paid to Government Agencies $ NA
NA

F Government Taxes Not Included in Cash Price $ NA
NA

G Government License and/or Registration Fees NA
LIC/REG FEES $ 49.00

H Government Certificate of Title Fees $ 40.00

I Other Charges (Seller must identify who is paid and describe purpose)

| to NA | for Prior Credit or Lease Balance | $ | NA |
|---|---|---|---|
| to JOHN DONOGHUE AUTO | for DOCUMENTARY FEE | $ | 299.00 |
| to NA | for NA | $ | NA |
| to NA | for NA | $ | NA |
| to NA | for NA | $ | NA |
| to NA | for NA | $ | NA |
| to NA | for NA | $ | NA |
| to NA | for NA | $ | NA |
| to NA | for NA | $ | NA |
| to NA | for NA | $ | NA |
| to NA | for NA | $ | NA |
| to NA | for NA | $ | NA |

Total Other Charges and Amounts Paid to Others on Your Behalf $ 1183.00 (4)

5 Amount Financed (3 + 4) $ 37789.55 (5)

**Other Optional Insurance**

☐ NA NA
Type of Insurance Term
Premium $ NA
Insurance Company Name NA
NA
Home Office Address NA

☐ NA NA
Type of Insurance Term
Premium $ NA NA
Insurance Company Name NA
NA
Home Office Address NA NA

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost. I want the insurance checked above.

X NA NA
Buyer Signature Date
X NA NA
Co-Buyer Signature Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS. WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

**Returned Check Charge:** You agree to pay a charge of $ 35.00 if any check you give us is dishonored.

**OPTION:** ☐ You pay no finance charge if the Amount Financed, Item 5, is paid in full on or before NA , Year NA . SELLER'S INITIALS NA

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term 75 Mos. NA
Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X *Iris Marie Summersett*

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance):** If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft, concealment, skip). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ NA and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

### NO COOLING OFF PERIOD

**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X *Iris Marie Summersett* Co-Buyer Signs X *Tony Freeman*
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
**See back for other important agreements.**

**NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.**

**You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.**

Buyer Signs X *Iris Marie Summersett* Date 02/27/21 Co-Buyer Signs X *Tony Freeman* Date 02/27/21
Buyer Printed Name IRIS MARIE SUMMERSETT Co-Buyer Printed Name TONEY LENDELL FREEMAN
If the "business" use box is checked in "Primary Use for Which Purchased": Print Name NA Title NA

**Co-Buyers and Other Owners** — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X NA Address NA
Seller signs JOHN DONOGHUE AUTOMOTIVE INC Date 02/27/21 By X

Seller assigns its interest in this contract to GM FINANCIAL (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse ☐ Assigned without recourse ☐ Assigned with limited recourse
Seller JOHN DONOGHUE AUTOMOTIVE INC
By X Title

**ILAW** FORM NO. 553-NC (REV 10/19)
©2019 The Reynolds and Reynolds Company TO ORDER: www.reysource.com; 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

ORIGINAL LIENHOLDER

## 1. FINANCE CHARGE AND PAYMENTS

**a. How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

**b. How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.

**c. How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**d. You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

## 2. YOUR OTHER PROMISES TO US

**a. If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

**b. Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

**c. Security Interest.** You give us a security interest in:
- The vehicle and all parts or goods installed in it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

**d. Insurance you must have on the vehicle.** You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as an additional insured and as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on the front of this contract. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e. What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

## 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

**a. You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

**b. You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information during credit application;
- You start a proceeding in bankruptcy or one is started against you or your property; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c. You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay attorney's fees and court costs, as the law allows. The maximum attorney's fee you will pay will be 15% of the amount you owe.

**d. We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

**e. How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

**f. We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle. We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

**g. What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

## 4. WARRANTIES SELLER DISCLAIMS

**Unless the Seller makes an express warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

## 5. Used Car Buyers Guide.
**The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

## 6. SERVICING AND COLLECTION CONTACTS

You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

## 7. APPLICABLE LAW

Federal law and the law of the state of North Carolina apply to this contract.

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

**EXHIBIT B**

MVR-191 (Rev. 01/2017)

# CERTIFICATE OF TITLE

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE | BODY STYLE |
|---|---|---|---|
| 1FTEW1EG3JFB49601 | 2018 | FORD | TK |

TITLE NUMBER
774948212446186

TITLE ISSUE DATE
09/30/2021

PREVIOUS TITLE NUMBER

| ODOMETER READING |
|---|
| 052389 |
| **ODOMETER STATUS** |
| |
| **TITLE BRANDS** |
| |

MAIL TO

GM FINANCIAL
PO BOX 1510
COCKEYSVILLE   MD   21030-7510

SHIPPING WEIGHT
4729

OWNER(S) NAME AND ADDRESS

IRIS MARIE SUMMERSETT   JTWROS
TONEY LENDELL FREEMAN   JTWROS
1927 CHADBOURN HWY
WHITEVILLE   NC   28472-2035



The Commissioner of Motor Vehicles of the State of North Carolina hereby certifies that an application for a certificate of title for the herein described vehicle has been filed pursuant to the General Statutes of North Carolina and based on that application, the Division of Motor Vehicles is satisfied that the applicant is the lawful owner. Official records of the Division of Motor Vehicles reflect vehicle is subject to the liens, if any, herein enumerated at the date of issuance of this certificate.

As WITNESS, his hand and seal of this Division of the day and year appearing in this certificate as the title issue date.

COMMISSIONER OF MOTOR VEHICLES

FIRST LIENHOLDER:           DATE OF LIEN 09/01/2021
GM FINANCIAL
PO BOX 1510
COCKEYSVILLE   MD   21030-7510

LIEN RELEASED BY:
SIGNATURE
TITLE _____ DATE _____

SECOND LIENHOLDER:           DATE OF LIEN

LIEN RELEASED BY:
SIGNATURE
TITLE _____ DATE _____

THIRD LIENHOLDER:           DATE OF LIEN

LIEN RELEASED BY:
SIGNATURE
TITLE _____ DATE _____

FOURTH LIENHOLDER:           DATE OF LIEN

LIEN RELEASED BY:
SIGNATURE
TITLE _____ DATE _____

ADDITIONAL LIENS:

109748270

186  T1C1860


**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

In re:

Toney L Freeman,
Debtor(s).

Chapter 13
Bky. No. 24-02390-DMW-13

**STATE OF TEXAS** )
) ss.
**COUNTY OF TARRANT** )

### AFFIDAVIT

I, Brenda Johnson, a bankruptcy specialist of AmeriCredit Financial Services, Inc. dba GM Financial, declare under penalty of perjury that I have personal knowledge of the information set forth below, which is true and correct to the best of my knowledge, information and belief:

1.   This affidavit is based on the loan payment records of AmeriCredit Financial Services, Inc. dba GM Financial  These records are regularly maintained in the course of business and it is the regular practice to make and maintain these records.  These records reflect the loan payments that are noted in the records at the time of receipt by persons whose regular duties include recording this information.  I maintain these records and regularly use and rely upon them in the performance of my duties.

2.   AmeriCredit Financial Services, Inc. dba GM Financial has a valid, perfected security interest in the following (the "Collateral"):

2018 FORD F-150 serial number 1FTEW1EG3JFB49601.

3.   <u>$56,835.21</u>   is the outstanding balance under the contract.

4.   <u>$38,251.99</u>   is the amount of the existing delinquency under the contract.

5.   <u>$27,175.00</u>   is the fair market value of the Collateral.

6.      <u>No</u>   Appropriate insurance has been verified.

7.      <u>n/a</u>   is the payment default under the Chapter 13 Plan.

Further your affiant sayeth not.

Dated:   <u>4/22/2026</u>

Brenda Johnson
Bankruptcy Specialist
AmeriCredit Financial Services, Inc. dba GM Financial

Subscribed and sworn to before me on April 22, 2026

Notary

xxxxx10666 / 158073 / 1096929



KELLY BINEK
Notary Public
STATE OF TEXAS
Notary ID # 8614403
My Comm. Exp. February 10, 2027


EXHIBIT D

## Vehicle Information

| | |
|---|---|
| **Vehicle:** | 2018 Ford F-150 Crew Cab XLT EcoBoost 4WD 3.5L V6 Turbo |
| **Region:** | Southeastern |
| **Period:** | April 22, 2026 |
| **VIN:** | 1FTEW1EG3JFB49601 |
| **Mileage:** | 102,500 |
| **Base MSRP:** | $42,055 |
| **Typically Equipped MSRP:** | $47,295 |

## JD Power Used Cars/Trucks Values

| | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| **Monthly Used** | | | | |
| Rough Trade-In | $15,775 | N/A | N/A | **$15,775** |
| Average Trade-In | $17,325 | N/A | N/A | **$17,325** |
| Clean Trade-In | $18,600 | N/A | N/A | **$18,600** |
| | | | | |
| Clean Loan | $16,850 | N/A | N/A | **$16,850** |
| Clean Retail | $22,475 | N/A | N/A | **$22,475** |

## Selected Options

| | Trade-In/Loan | Retail |
|---|---|---|
| Bluetooth Connection | w/body | w/body |
| 3.5L V6 EcoBoost Engine | w/body | w/body |
| Aluminum/Alloy Wheels | w/body | w/body |
| Cruise Control | w/body | w/body |
| Fog Lights | w/body | w/body |
| Heated Exterior Mirrors | w/body | w/body |
| Power Adjustable Mirrors | w/body | w/body |
| Power Door Locks | w/body | w/body |
| Power Windows | w/body | w/body |
| Steering Wheel Mounted AudioControls | w/body | w/body |



UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

---

```
-------------------------------------------------------- x
In re:                                      :
                                            :        Chapter 13
TONEY L FREEMAN,                            :
                                            :        Case No.: 24-02390
                          Debtor.           :
                                            :
-------------------------------------------------------- x
```

## ORDER GRANTING MOTION
## FOR RELIEF FROM AUTOMATIC STAY

Upon consideration of AmeriCredit Financial Service s, Inc. dba GM Financial's Motion

for Relief from Automatic Stay (the "Motion") and any objection to the Motion; and after due

deliberation thereon; and good cause having been shown and found; it is, by the United States

Bankruptcy Court for the Eastern District of North Carolina, hereby:

**ORDERED**, that the Motion is **GRANTED**; and it is further

**ORDERED**, that the automatic stay of 11 U.S.C. § 362 and Co-Debtor Stay of 11 U.S.C.

§1301(c)(2) is hereby terminated to permit AmeriCredit Financial Service s, Inc. dba GM Financial

to exercise its rights and remedies under applicable non-bankruptcy law under the Lease executed

by Debtor and Co-Debtor in favor of AmeriCredit Financial Service s, Inc. dba GM Financial in

the principal amount of $56,835.21 for the financed purchase of one (1) 2018 Ford F150, VIN No.

1FTEW1EG3JFB49601 (the "Vehicle") and in accordance with applicable state law; and it is

further

**ORDERED**, that AmeriCredit Financial Service s, Inc. dba GM Financial is permitted to

apply the proceeds of any disposition of the Vehicle to the outstanding indebtedness due and owing

AmeriCredit Financial Service s, Inc. dba GM Financial, including principal, interest, late fees, attorneys' fees, and costs as allowed by the loan and applicable law; and it is further

ORDERED, that upon disposition of the Vehicle, AmeriCredit Financial Service s, Inc. dba GM Financial must provide an explanation of any surplus to the trustee, the debtor's attorney, and the debtor within 14 days and send payment of such surplus to the trustee within 60 days, pending further order of the court regarding its distribution; and it is further

ORDERED, that AmeriCredit Financial Service s, Inc. dba GM Financial has 120 days for personal property from entry of the order granting the relief to file a deficiency claim, unless the court, for good cause shown by motion filed before the expiration of such period, extends the same; and it is further

ORDERED, that the Court shall retain jurisdiction over the subject matter of this Order and to enforce the provisions set forth herein; and it is further

ORDERED, that the fourteen-day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived.

END OF DOCUMENT